[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
QUALIFIED DOMESTIC RELATIONS ORDER
WHEREAS, Paul Roach (the "Participant") and Mary Roach are parties to the above captioned action; and
WHEREAS, Attorney Glen Canner, trustee, (the "Alternate Payee") is the court appointed guardian for Mary Roach in the above captioned action; and
WHEREAS, the Court, (Driscoll, J.) by order entered April 22, 1991 has directed that a Domestic Relations Order (the "Order") enter to provide for the transfer and disposition of the Participant's investments in the Account balance due to the Participant under the Technicon Instruments Corporation Profit Sharing Plan (hereinafter the "Profit Sharing Plan") and to grant to the Alternate Payee rights to such benefits on the terms set forth in this Order.
Pursuant to the April 22, 1991 order in the above captioned action, this Court hereby enters a Domestic Relations Order intended to be a "Qualified Domestic Relations order" as defined in 26 U.S.C. § 414 (p), with respect to the TECHNICON INSTRUMENTS CORPORATION PROFIT SHARE PLAN and its Domestic Subsidiaries (hereinafter the "Plan"). Unless the context clearly indicates otherwise, all capitalized terms used herein shall have the same meaning as the Plan.
IT IS HEREBY ORDERED, that the amount set forth below of any benefit to which The Participant is entitled under the the Plan shall be payable to the Alternate Payee as Alternate Payee is defined under the provisions of the Retirement Equity Act of 1984 ("REA") at the times and in the manner set forth below:
1. The name and present mailing address of the Participant in the Plan, part of whose benefit is to be paid to the Alternate Payee, is:
 Paul J. Roach 160 Croton Avenue Mount Kisco, N.Y. 10549
The name and present mailing address of the Alternate Payee is:
 Attorney Glen A. Canner, Trustee Piazza, Melmed Canner CT Page 3767 112 Prospect Street P.O. Box 15390 Stamford, CT 06901
The Alternate Payee shall provide the Plan Administrator with any change of mailing address.
2. The amount of the Participant's interest in the Plan that is to be paid to the Alternate Payee shall be one lump-sum payment of the total vested value of both the employee account and the employer account, made up of both before tax, after tax dollars, and/or vested company matching contributions and ESOP allocations.
(a) The Alternate Payee shall have exclusive rights to transfer and withdraw from the Plan the total vested value under the terms of and in accordance with the authority vested in him by the order of the court issued simultaneously with this order and attached as a part hereof.
3. In the event of the Alternate Payee's death prior to the distribution of the interest in the Plan as described in paragraph 2 hereinabove, the court retains jurisdiction to appoint and/or designate such other trustee as the court sees fit as Alternate Payee.
4. This order shall apply to the Plan. Any references herein to the Plan or to a particular provision of the Plan shall be deemed to apply to any su successor or redesignated Plan as well.
5. All payments of the Alternate Payee's benefit shall be made in cash or by check directly to the Alternate Payee.
6. In the event that the Plan shall terminate prior to the distribution of the Alternate Payee's benefit, the Alternate Payee shall have all the rights, with respect to the Alternate Payee's benefit, that the Participant has upon termination, as to benefit choices and methods of distribution.
7. This Order:
A. Does not require the Plan to provide benefits to an Alternate Payee which are required to be paid to another Alternate Payee under another order previously determined to be a Qualified Domestic Relations Order; and
B. Does not require the Plan to provide any type or form of benefit, or any option, not otherwise provided under CT Page 3768 the Plan; and
C. Does not require the Plan to provide increased benefits.
8. It is intended that this Order will qualify as a Qualified Domestic Relations Order under the Internal Revenue Code, and the provisions hereof shall be administered and interpreted in conformity with the Code.
9. If for any reason the Plan Administrator shall find any part of this Qualified Domestic Relations Order flawed, this court shall continue jurisdiction so as to modify the same in order to reflect this court's intention and in order to comply with the requirements of the Plan Administrator. Such a modified order shall be entered nunc pro tunc if appropriate.
IT IS FURTHER ORDERED, that this Order shall be treated as a Qualified Domestic Relations Order as that term is defined under 414(p) of the Internal Revenue Code and the Retirement Equity Act of 1984.
BY THE COURT Margaret C. Driscoll, Judge.